| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROBERT LAMAR WHITFIELD, a/k/a Lamar Whitfield, Goat; MARLON GRAHAM, a/k/a Marlan Graham; KAREEM LONG, a/k/a Kareem Smalls; NAJEE MURRAY; FRANK THOMPSON, a/k/a John Cooper, Hank Thompson | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>12-1089 |

Complaint for violation of Title 18 United States Code §§ 1951 and 924(c)(1) and (2)

| NAME OF JUDGE OR MAGISTRATE<br>Honorable ELIZABETH T. HEY | OFFICIAL TITLE<br>U.S. Magistrate | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>July 18, 2012 | PLACE OF OFFENSE<br>Philadelphia, PA | ADDRESS OF ACCUSED (if known)<br>N/A |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

One: On or about July 18, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendants Robert Lamar Whitfield; Marlon Graham; Kareem Long; Najee Murray; and Frank Thompson obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, and attempted to do so, by robbery, in that, defendants unlawfully attempted to take and obtain, and aid and abet the unlawful taking and obtaining of, approximately 10 kilograms of cocaine, a Schedule II controlled substance, trafficking which affects interstate commerce, from the person or in the presence of another and against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future to his person and property in his possession, that is, by committing a home invasion armed robbery. In violation of Title 18, United States Code, Sections 1951(a) and 2.

Two: On or about July 18, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendants Robert Lamar Whitfield; Marlon Graham; Kareem Long; Najee Murray; and Frank Thompson knowingly carried a firearm, and aided and abetted the carrying of a firearm, during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, attempted armed Hobbs Act Robbery, in violation of 18 U.S.C. 1951(a). In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Patrick J. Henning<br>OFFICIAL TITLE<br>Special Agent, Bureau of Alcohol, Tobacco and Firearms |
|---|---|
| Sworn to before me and subscribed in my presence.<br>SIGNATURE OF MAGISTRATE<br>Honorable ELIZABETH T. HEY, United States Magistrate Judge | DATE<br>7/18/12 |

1) See Federal Rules of Criminal Procedure rules 3 and 54.

| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KENNETH PARNELL; LAFAYETTE RAWLS, a/k/a Ross Louis, Louis Ross; and JAMIE DALES | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>12 - 1089 |

Complaint for violation of Title 18 United States Code §§ 1951 and 924(c)(1) and (2)

| NAME OF JUDGE OR MAGISTRATE<br>Honorable ELIZABETH T. HEY | OFFICIAL TITLE<br>U.S. Magistrate | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>July 18, 2012 | PLACE OF OFFENSE<br>Philadelphia, PA | ADDRESS OF ACCUSED (if known)<br>N/A |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

One: On or about July 18, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendants Kenneth Parnell, Lafayette Rawls, and Jamie Dales obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, and attempted to do so, by robbery, in that, defendants unlawfully attempted to take and obtain, and aid and abet the unlawful taking and obtaining of, approximately 10 kilograms of cocaine, a Schedule II controlled substance, trafficking which affects interstate commerce, from the person or in the presence of another and against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future to his person and property in his possession, that is, by committing a home invasion armed robbery. In violation of Title 18, United States Code, Sections 1951(a) and 2.

Two: On or about July 18, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendants Kenneth Parnell, Lafayette Rawls, and Jamie Dales knowingly carried a firearm, and aided and abetted the carrying of a firearm, during and in relation to a crime of violence and drug trafficking crime for which the defendants may be prosecuted in a court of the United States, that is to have conspired and attempted to possess more than 5 kilograms of cocaine in violation of Title 21 United States Code, Section 846, and attempted armed Hobbs Act Robbery, in violation of Title 18 U.S.C. 1951(a). In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Patrick J. Henning |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Bureau of Alcohol, Tobacco and Firearms |

Sworn to before me and subscribed in my presence.

| SIGNATURE OF MAGISTRATE (1)<br>Honorable ELIZABETH T. HEY, United States Magistrate Judge | DATE<br>7/18/12 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, Patrick J. Henning, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as "ATF"), being duly sworn, state as follows:

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since August 2002. I am currently assigned to a specialized enforcement group, the ATF Violent Crimes Task Force, whose primary mission is to investigate those individuals and groups that are engaged in the commission of federal firearms and narcotics violations that include but are not limited to home invasion robberies of drug dealers, commercial robberies and armed carjackings.

2. During my tenure as an ATF agent, I have been the affiant for numerous federal search warrants, which have resulted in the seizure of firearms, narcotics, drug proceeds and other contraband. I have personally conducted and participated in hundreds of investigations, which have resulted in the arrest and prosecution of individuals charged for violating federal firearms and narcotics laws.

3. This affidavit is submitted for the limited purpose of securing a criminal complaint charging Robert WHITFIELD (a/k/a "Lamar Whitfield," a/k/a "Goat"), Marlon GRAHAM (aka "Marlan Graham"), Kareem LONG (a/k/a "Kareem Smalls"), Najee MURRAY, Frank THOMPSON (a/k/a "John Cooper," a/k/a "Hank Thompson"), Lafayette RAWLS (a/k/a "Ross Louis," a/k/a "Louis Ross"), Jamie DALES, and Kenneth PARNELL (who will be charged separately), with violations of Title 21, United States Code, Section 846 (attempt and conspiracy to possess with the intent to distribute cocaine), and Title 18, United States Code, Sections 1951 (attempt and conspiracy to commit robbery which interferes with interstate

commerce), 924(c) (carrying a firearm during and in relation to a drug trafficking crime and a crime of violence), and 2 (aiding and abetting). Accordingly, this affidavit does not set forth every fact known to me. I have, for example, not included facts that would endanger persons or any ongoing criminal investigations.

4. The information in this affidavit is based upon my personal observations and investigation, on information relayed to me by other special agents or other law enforcement officers working with me, as well as official reports of investigation from law enforcement agencies, and recorded conversations. Because this application is being submitted for the limited purpose of establishing probable cause to support a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation. I have submitted only those facts and circumstances which I believe are necessary to establish probable cause for the issuance of the criminal complaint. A confidential informant ("CI") and Person #2, persons known to the affiant and participants in the investigation, are not named in the affidavit for their protection. Person #1 did not participate in the investigation and is not sought to be charged.

5. In May 2012, CI, who had been charged by indictment in this Court with distribution of cocaine base ("crack") and was represented by counsel in that case, began to cooperate with law enforcement and was accordingly registered with ATF as a confidential informant under my supervision. CI told me that WHITFIELD and others were robbing Philadelphia drug dealers. I and other ATF special agents have corroborated CI's information and monitored his cooperation. For example, all of the meetings between CI and WHITFIELD and his associates were under physical surveillance by law enforcement agents, and were recorded on audio and video recording devices, and all of CI's telephone contacts with

WHITFIELD have been monitored and/or recorded. I have reviewed those recordings, and they confirm CI's statements about WHITFIELD and WHITFIELD's associates.

6. CI obtained a cellular telephone number for WHITFIELD. On June 11, 2012, CI called WHITFIELD and asked him to help CI get in contact with Person #1, who CI knows robs drug dealers. WHITFIELD told CI that Person #1 was recently robbed and that his phone was taken during the robbery. WHITFIELD said that he would let Person #1 know that CI wanted to speak with him.

7. On June 13, 2012, CI called WHITFIELD about getting in touch with Person #1. CI told WHITFIELD that CI wanted to give Person #1 a potential robbery target. WHITFIELD responded "You know that's what I do too []." WHITFIELD added that he would contact Person #1 so that he and WHITFIELD could meet with CI.

8. On June 19, 2012, as previously arranged, CI met with WHITFIELD at 5th and Duncannon Streets in Philadelphia. CI explained to WHITFIELD that CI has a friend who knows a location from where a large amount of cocaine can be stolen. When CI said CI wanted Person #1 for the robbery, WHITFIELD said, "Let me do it. I can knock it out, son." WHITFIELD said that when Person #1 and his confederates have a target to rob, "they come get me, B, they always coming to get me." WHITFIELD added that Person #1 would mess up the robbery but "I do everything, man. . . . It don't matter if he in or not, but I'm going in and getting that shit." CI agreed to arrange a meeting between WHITFIELD and CI's friend the following week.

9. On June 27, 2012, as previously arranged, CI and Person #2 met with WHITFIELD. CI introduced WHITFIELD to Person #2 as CI's friend. Person #2 said that he knew of a stash house where at least ten kilograms of cocaine could be stolen. WHITFIELD told

3

Person #2 that he has been "doing this for ten years" and needs only two other people, not too many "codefendants," for the robbery. WHITFIELD explained that, as he has done in the past, they could put a tracker on the drug dealer's car to find additional cocaine locations. WHITFIELD stated that the stolen cocaine would be broken down between WHITFIELD, Person #2, and CI before WHITFIELD's two accomplices got their shares. WHITFIELD also discussed details of the robbery, including the use of a bullet resistant vest, police jackets, plastic zip ties, and making the victims lay on the ground. When Person #2 confirmed that the cocaine dealer carried a handgun in the stash house, WHITFIELD said that he would bring "the big shit" so the dealer would "drop" to the floor once he saw the gun. WHITFIELD described several successful home invasions that WHITFIELD and others have previously committed. WHITFIELD agreed to bring his two accomplices to meet with Person #2 the following week.

10. On July 3, 2012, Person #2 and CI met with WHITFIELD and they were joined by a man whom WHITFIELD identified as his brother, and who was later identified as Braheem WHITFIELD ("B. WHITFIELD"). Person #2 asked B. WHITFIELD whether he was part of the robbery crew, and B. WHITFIELD said yes. WHITFIELD said two others, whom he referred to as "Shai" and "Knows" (spellings phonetic) were en route. Person #2 told WHITFIELD and B. WHITFIELD about a stash house with at least ten kilograms of cocaine. WHITFIELD said that he wanted the robbery to go "as smooth as possible," and he and his brother discussed details of the robbery with Person #2, including that WHITFIELD would supply the firearms and bullet resistant vests. WHITFIELD stated that the stolen cocaine will be divided at his residence and that B. WHITFIELD's "cut" would come from WHITFIELD's cocaine.

4

11. On July 16, 2012, WHITFIELD called Person #2 to confirm a final pre-robbery meeting and confirm that he and his accomplices would be ready for the robbery itself.

12. On July 17, 2012, as previously arranged, WHITFIELD met with CI and Person #2. WHITFIELD told CI and Person #2 about his previous robberies. WHITFIELD confirmed with Person #2 that the door to the stash house is left unlocked, and proposed a signal for Person #2 to notify L. WHITFIELD in the event that the door was unexpectedly locked. After approximately 10 minutes, another individual, later identified as Najee MURRAY, arrived, and WHITFIELD introduced him to CI and Person #2 as someone who would help with the planned robbery. Person #2 explained the stash house where at least ten kilograms of cocaine could be stolen. MURRAY said that he wanted to take part in the planned robbery, and asked "do we want to tag these guys," meaning the robbery victims. MURRAY also suggested that they impersonate law enforcement officers during the robbery. WHITFIELD, MURRAY, and Person #2 agreed to meet the next morning, July 18, 2012, to execute the robbery. WHITFIELD also said that other individuals would join them for the robbery.

13. On July 18, 2012, WHITFIELD, MURRAY and Person #2 met as previously arranged. With WHITFIELD and MURRAY were Kenneth PARNELL, Marlon GRAHAM, Lafayette RAWLS, Jamie DALES, Kareem LONG, and Frank THOMPSON. Person #2 explained the stash house where at least ten kilograms of cocaine could be stolen, and said that the cocaine dealer carried a handgun in the stash house. WHITFIELD, MURRAY, PARNELL, GRAHAM, RAWLS, DALES, LONG, and THOMPSON each confirmed that they wanted to proceed with robbing the stash house. Each provided input into how the robbery should be accomplished, and GRAHAM, MURRAY and others confirmed that they had guns with them for use during the robbery. Person #2 said that he had obtained a rental van for

5

purposes of the robbery, and Person #2, WHITFIELD, MURRAY, PARNELL, GRAHAM, RAWLS, DALES, LONG, and THOMPSON drove in a caravan of five cars to the location of the rental van. WHITFIELD, PARNELL, GRAHAM, RAWLS, DALES and LONG parked near the rental van. MURRAY and THOMPSON parked in a Hess gasoline station next to the location of the rental van. After the group arrived at the location of the rental van, WHITFIELD passed out rubber gloves to others in the group. GRAHAM had his gun on his person. Others in the group went to the trunk of a car near the rental van, where Person #2 heard the sound of a gun "racking." At this point, shortly after 9:00 A.M. on July 18, 2012, ATF agents arrived on the scene.

14. Based on my experience and training, I know that an attempt or conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951, satisfies the requirement that it "affects interstate commerce" if the object of the attempt – in this case the theft of cocaine – would satisfy the interstate commerce requirement, if the conspiracy or attempt were to succeed. See United States v. Jannotti, 673 F. 2d 578, 591-592 (3d Cir. 1982). I also know that cocaine affects interstate and foreign commerce. See 21 U.S.C. § 801(3).

15. Based upon these facts, I assert there is probable cause to believe that Robert WHITFIELD (a/k/a "Lamar Whitfield," a/k/a "Goat"), Kenneth PARNELL, Marlon GRAHAM (aka "Marlan Graham"), Lafayette RAWLS (a/k/a "Ross Louis," a/k/a "Louis Ross"), Jamie DALES, Kareem LONG (a/k/a "Kareem Smalls"), Najee MURRAY, and Frank THOMPSON (a/k/a "John Cooper," a/k/a "Hank Thompson"),

    a. have conspired and attempted to commit a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and 2;

b. have conspired and attempted to possess more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846; and

c. have carried, and have aided and abetted carrying, of firearms during and in relation to a crime of violence (a violation of 18 U.S.C. § 1951) and a drug trafficking crime (a violation of 21 U.S.C. § 846), for which they may be prosecuted in a Court of the United States, in violation of 18 U.S.C. § 924(c).

Accordingly, I request that a warrant for the arrest of the defendants issue.

PATRICK J. HENNING
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to and subscribed before me this 18 day of July 2012.

HONORABLE ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

7