IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 12-418 |
| | : | |
| ROBERT LAMAR WHITFIELD, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                May 10, 2013

Defendants Robert Lamar Whitfield, Kenneth Parnell, and Kareem Long have filed motions to dismiss the Indictment, in which Defendants Marlon Graham and Frank Thompson have joined. For the reasons set forth below, the motions to dismiss will be denied without prejudice to the Defendants' right to challenge the sufficiency of the Government's evidence regarding the Hobbs Act's jurisdictional element at trial.

**BACKGROUND**

On August 9, 2012, a grand jury indicted Whitfield, Graham, Long, Thompson, and Parnell on charges of conspiracy to commit Hobbs Act robbery (Count One), attempted Hobbs Act robbery and aiding and abetting (Count Two), conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count Three), attempted possession with intent to distribute five kilograms or more of cocaine and aiding and abetting (Count Four), and carrying (and aiding and abetting the carrying of) a firearm during and in relation to a crime of violence and a drug trafficking crime (Count Five). Defendants Long and Thompson were also indicted for possession of a firearm by a convicted felon (Count Six). The charges all arise out of the Defendants' alleged involvement in an attempted home invasion robbery of a purported drug stash house on July 18, 2012. According to the Indictment, at the time of the attempted robbery, the Defendants believed the target of the robbery was a stash house from which at least ten

kilograms of cocaine could be stolen. Instead, Defendants were part of a Bureau of Alcohol, Tobacco and Firearms (ATF) sting operation. There was no actual stash house or cocaine, and the aim of the alleged conspiracy was therefore unattainable from the outset.

Defendants ask this Court to dismiss the Hobbs Act counts of the Indictment (Counts One and Two) on the grounds that, because the Indictment does not allege the existence of an actual stash house in which actual cocaine was stored, it does not sufficiently allege the contemplated robbery had an actual potential effect on interstate commerce, which Defendants contend is required for a Hobbs Act violation. Defendants also argue the fact there was no actual cocaine for them to steal requires dismissal of the drug counts of the Indictment (Counts Three and Four).

**DISCUSSION**

The Hobbs Act prohibits robbery or extortion, or an attempt or conspiracy to rob or extort, that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). "Because of the fundamentally economic character of robbery and extortion, [the Third Circuit Court of Appeals] ha[s] held . . . the government is not required to present 'proof of a 'substantial effect' on commerce in an individual case in order to show a Hobbs Act violation.'" *United States v. Walker*, 657 F.3d 160, 179 (3d Cir. 2011) (quoting *United States v. Urban*, 404 F.3d 754, 766 (3d Cir. 2005)). Rather, "in a Hobbs Act prosecution, 'proof of a *de minimis* effect on interstate commerce is all that is required.'" *Id.* at 180 (quoting *Urban*, 404 F.3d at 766). "Where the robbery 'produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential, it is sufficient to uphold a prosecution under [the Hobbs Act].'" *United States v. Shavers*, 693 F.3d 363, 373 (3d Cir. 2012) (quoting *United States v. Haywood,* 363 F.3d 200, 210 (3d Cir. 2004)).

2

With respect to robberies of drug dealers in particular, the Third Circuit has held "the [G]overnment may satisfy the interstate commerce element of the Hobbs Act by proving that a robbery targeted a drug dealer whose wares originated out of state." *Walker*, 657 F.3d at 181; *see also id.* at 182 (holding "the robbery of a drug dealer whose product originates outside Pennsylvania has a direct nexus to interstate commerce"). The Third Circuit has also recognized the Government may show the requisite *de minims* effect on interstate commerce under a depletion of assets theory by showing "a Hobbs Act violation depletes the assets of a business engaged in interstate commerce." *Id.* at 183 (quoting *Urban*, 404 F.3d at 762).

The Indictment charges Defendants with the inchoate offenses of attempt and conspiracy to commit Hobbs Act robbery. It is well established that "factual impossibility, or the fact that the agreement was 'objectively unattainable,' is not a defense to a charge of conspiracy or attempt." *United States v. Manzo*, 636 F.3d 56, 66 (3d Cir. 2011) (quoting *United States v. Hsu*, 155 F.3d 189, 203 (3d Cir. 1998)). In particular, the Third Circuit has rejected the notion that impossibility is a defense "when federal jurisdiction is predicated on interstate commerce." *United States v. Jannotti*, 673 F.2d 578, 592 (3d Cir. 1982) (en banc). In *Jannotti*, the defendant public officials were convicted of conspiring to violate the Hobbs Act by extorting bribes in exchange for promising to expedite completion of a hotel project. Unbeknownst to defendants, the project they agreed to expedite was entirely fictitious; defendants were instead the targets of an FBI sting operation. On appeal, the Third Circuit held the fictitious nature of the scheme did not render the Hobbs Act charge jurisdictionally defective, noting "an agreement between two or more persons to commit criminal acts poses, in and of itself, a serious danger to social order," and reasoning

> [i]n this case the defendants agreed to do acts which, had they been attainable, would have affected commerce. At that point, regardless of whether an actual

3

> effect on interstate commerce was "reasonably probable," a sufficient federal interest was implicated to support federal jurisdiction over that agreement.

*Id.* at 591-92; *see also United States v. Van Pelt*, 448 F. App'x 301, 305-06 (3d Cir. 2011) (rejecting defendant's argument that federal interests were not implicated by his attempt to extort a bribe from a cooperating witness pitching a fictitious scheme, and upholding conviction for attempted Hobbs Act extortion against defendant's jurisdictional challenge); *cf. United States v. Bonner*, 469 F. App'x 119, 129-30 (3d Cir. 2012) (holding jurisdictional element was satisfied for attempted Hobbs Act robbery offense where the Government introduced evidence the defendant conspired to and intended to rob large-scale drug dealers and intended his victim to be such a target (even though victim was not, in fact, a drug dealer), and where the Government's expert testified the distribution-sized quantities of drugs the defendant sought were inconsistent with "local grows" of marijuana).

Numerous other courts of appeals have also rejected jurisdictional challenges to prosecutions for attempt or conspiracy to commit Hobbs Act robbery arising out of government sting operations. *See United States v. Tribble*, 320 F. App'x 85, 87 (2d Cir. 2009) (holding jurisdictional element was satisfied based on evidence "the robbery conspiracy targeted cocaine and proceeds from the sale of cocaine" and expert testimony "that cocaine is smuggled into the United States from abroad," even though "the targeted cocaine did not in fact exist"); *United States v. Orisnord*, 483 F.3d 1169, 1177 (11th Cir. 2007) (holding "the interstate nexus required to prove a Hobbs Act conspiracy may be established upon evidence that *had* the conspiratorial objective been accomplished, interstate commerce *would have been* affected"); *United States v. Rodriguez*, 360 F.3d 949, 957 (9th Cir. 2004) (holding the jurisdictional element was "not frustrated by the impossibility of the actual robbery" in a prosecution for conspiracy to commit Hobbs Act robbery arising out of a sting operation); *United States v. Bailey*, 227 F.3d 792, 798

(7th Cir. 2000) (holding the Government could satisfy the interstate commerce element of attempted Hobbs Act robbery under a depletion of assets theory by presenting evidence the defendant intended to rob his victim of either cocaine or money he believed was used to purchase cocaine, and that robbery of cocaine dealers generally has an effect on interstate commerce, notwithstanding that victim was actually an undercover FBI agent); *cf. United States v. Fabian*, 312 F.3d 550, 555 (2d Cir. 2002) (holding "[w]hat is legally relevant [for purposes of Hobbs Act jurisdiction] is whether at the time of the crime, [the defendant] believed he was robbing . . . the proceeds of a drug deal, not whether the crimes actually involved . . . the proceeds of a drug deal"), *abrogated on other grounds by United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007).

Defendants question whether *Jannotti* remains good law in light of the Third Circuit's more recent decision in *United States v. Manzo*, 636 F.3d 56, 69 (3d Cir. 2011), in which the Third Circuit affirmed the dismissal of Hobbs Act charges of conspiracy to commit extortion under color of official right and attempted extortion under color of official right against defendants who were not public officials during the relevant time frame and therefore had not acted "under color of official right" in accepting payments in exchange for future official assistance. Although one of the defendants in *Manzo* was a candidate for mayor at the time he agreed to accept such payments, he was never elected. The Government argued the defendant's failure to obtain office constituted a factual impossibility which did not preclude attempt or conspiracy liability. The Third Circuit disagreed, holding the Hobbs Act was "intended to address a situation where a defendant is caught in public office, promising to misuse his office once he receives payment," and acting "under color of official right," the "*central* status element of an 'under color of official right' Hobbs Act violation," was therefore an element of even the inchoate attempt and conspiracy offenses. *Id.* at 67-69. In so holding, however, the court

5

specifically distinguished *Jannotti* as a case "represent[ing] the proper circumstances that support a charge for conspiracy to commit a Hobbs Act violation," even though "a non-status element of the offense was not met." *Id.* at 67-68. *Manzo* thus does not suggest a retreat from *Jannotti*'s holding that "defendants' plan to transport the goods interstate, even though unattainable from the outset, sufficiently impinged on an area of federal concern to justify federal regulation and prohibition." *Id.* at 68 (quoting *Jannotti*, 673 F.2d at 593).

Defendants also argue the Hobbs Act counts must be dismissed because the Indictment does not allege Defendants themselves believed the robbery would affect interstate commerce. However, "[c]onviction under the Hobbs Act does not require proof that the defendant intended to affect interstate commerce." *United States v. Powell*, 693 F.3d 398, 405 (3d Cir. 2012). Rather, "the Government must prove only that 'one of the *natural effects* [of the conduct was] an obstruction of that commerce.'" *United States v. Reyes*, 363 F. App'x 192, 195 (3d Cir. 2010) (quoting *United States v. Addonizio*, 451 F.2d 49, 77 (3d Cir. 1972)).

The Indictment in this case alleges "[t]he illegal sale, distribution, possession with intent to distribute, and trafficking, of controlled substances, that is, cocaine, are activities which affect interstate commerce." Indictment, Count One ¶ 1. The Indictment further alleges Defendants (1) conspired and agreed to commit robbery which would "unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce," in that they "conspired to unlawfully take and obtain illegal controlled substances, that is, cocaine, from the person and in the presence of other persons . . . ," *id.* at Count One ¶ 2; and (2) "attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery," in that they "unlawfully attempted to take and obtain . . . property, that is, cocaine, from other persons . . . ," *id.* at Count Two ¶ 2. These allegations are sufficient to satisfy the Hobbs Act's

6

jurisdictional requirement. *See United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (noting an indictment alleging a Hobbs Act violation need not "specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial"). Any challenge to the sufficiency of the evidence on this element must await presentation of the Government's case at trial. *See United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

Finally, the Court rejects Defendants' argument that the fact there was no actual cocaine for them to steal requires dismissal of the conspiracy and attempt counts alleging violations of 21 U.S.C. § 846. *See United States v. Everett*, 700 F.2d 900, 908 (3d Cir. 1983) (holding "[i]mpossibility is . . . no defense to the charge of attempted distribution of a controlled substance under 21 U.S.C. § 846").

Accordingly, for the reasons set forth above, Defendants' motions to dismiss the Indictment will denied without prejudice to Defendants' right to challenge the sufficiency of the Government's evidence regarding the Hobbs Act's jurisdictional element at trial.

An appropriate order follows.

    BY THE COURT:


     /s/ Juan R. Sánchez
    Juan R. Sánchez