IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 12-418-1 |
| ROBERT LAMAR WHITFIELD | : | |

**<u>ORDER</u>**

AND NOW, this 16th day of March, 2023, upon consideration of Defendant Robert Lamar Whitfield's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 841), and Supplemental Motions (Document Nos. 848 and 851), and the Government's Responses in Opposition thereto, it is hereby ORDERED that Defendant's Motions are DENIED.[1]

---

[1] In enacting 18 U.S.C. § 3582(c)(2), Congress created an exception to the general rule that a "court may not modify a term of imprisonment once it has been imposed." *Dillon v. United States,* 560 U.S. 817, 819 (2010). Under this provision,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The inquiry under § 3582(c)(2) has two steps: "[f]irst, a district court must determine whether a prisoner is eligible for sentence modification." *United States v. Tolendano,* 643 F. App'x 145, 148 (3d Cir. 2016) (citing *Dillon,* 560 U.S. at 826-27). "Second, if a defendant is eligible for a reduction, the district court considers 'any applicable § 3553(a) factors' to determine if the reduction is authorized 'in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon,* 560 U.S. at 827). Whitfield seeks modification of the 188-month sentence he received in 2014 based upon Amendment 782 to the Sentencing Guidelines, which "reduced offense levels by two levels for most drug quantities under U.S.S.G. § 2D1.1(c)" and is "retroactively applied with an effective date of November 1, 2015 or later." *Id.* at 147 n.4; *see also United States v. Washington*, Crim. No. 11-42-11, 2022 U.S. Dist. LEXIS 205323 at *1, n.1 (W.D. Pa. Nov. 10, 2022) ("Amendment 782 to the United States Sentencing Guidelines lowered the base offense

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,         C.J.

---

levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c)"); U.S.S.G. § 1B1.10(d), (e)(1).

    Inasmuch as Whitfield's base offense level for conspiracy and attempt to possess with intent to distribute 5 kilograms or more of cocaine would now be a 30, his base offense level would be reduced from 36 to 34 were he to be sentenced today.  This translates to a drug offense level of 151-188 months and after adding the 60 months' mandatory minimum under 18 U.S.C. § 924(c), Whitfield's new sentencing range would be 211-248 months. However, because the planned robbery was aborted and no drugs were actually involved, the Court departed from the guidelines and sentenced Whitfield to 188 months.  Under the binding policy statement set forth at U.S.S.G. § 1B1.10(b)(2)(A), except where the reduced sentence was imposed pursuant to a government motion to reflect a defendant's substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range." Because Whitfield's sentence already falls under the guideline range, he is ineligible for sentence modification under § 3582(c)(2). *United States v. Berberena*, 694 F.3d 514, 523 (3d Cir. 2012) (upholding § 1B1.10(b)(2)(A) and finding Sentencing Commission did not exceed its statutory authority in prohibiting courts from reducing a prisoner's sentence below his amended guideline range except to reflect substantial assistance).   Whitfield's motions are therefore denied.